MASSACHUSETTS & S. CONST. CO. *v.* CANE CREEK TP.

*(Circuit Court, D. South Carolina. February 25, 1891.)*

MUNICIPAL INDEBTEDNESS—TOWNSHIP BONDS.
 Where township bonds are declared invalid by the courts, and the legislature afterwards passes an act providing for the payment of such bonds, the debt represented by the bonds is incurred at the date of such act.

At Law.

*Simeon Hyde,* for complainant.
*Ira B. Jones,* for defendant.

SIMONTON, J. The bill is brought to enforce the delivery of $19,000 bonds of the Cane Creek township, issued in aid of the construction of the Charleston, Cincinnati & Chicago Railroad Company through that township. The defendant rests on the unconstitutionality of this debt. The constitution of South Carolina, art. 9, § 17, (18 St. at Large, 690,) provides:

"Any bonded debt hereafter incurred by any county, municipal corporation, or political division of the state, shall never exceed eight per cent. of the assessed value of all the taxable property therein."

It is contended that $19,000 exceeds 8 per cent. of the assessed value of all the taxable property in the township at the date the debt was incurred. The first question, then, is, when was the debt incurred? The power of subscribing to the railroad was first inserted in the act December 21, 1883, (18 St. at Large, S. C., 365.) The exercise of the power was made in the vote of the people of the township in June, 1886. The bonds were executed and deposited with the Boston Safe Deposit & Trust Company as escrow 14th January, 1888. In *Floyd* v. *Perrin,* 30 S. C. 1, 8 S. E. Rep. 14, the supreme court of South Carolina decided (April term, 1888,) that township bonds of this character, and issued under like authority, were invalid. In December, 1888, (20 St. at Large, S. C., 12,) the general assembly passed an act to provide for the payment of township bonds issued in aid of railroads in this state. The supreme court discussed this act in *State* v. *Neely,* 30 S. C. 604, 9 S. E. Rep.

364, and held this act to be constitutional. Construing the act, they held that in passing it the legislature exercised its own original power, and imposed a tax on the property within the bounds of the township for the purpose of constructing the railroad within it; that is to say, the people of the township having by their vote expressed their willingness to subscribe to and to be taxed for the construction of the railroad, by coupon bonds, payable with certain interest, and at a certain time, the legislature approved this action, *proprio vigore* imposed the debt upon the township, and ordered the levy of the tax upon the taxable property therein. The debt and the tax owe their authority to this act of 1888, and the date of this act must be taken as the time when the debt was incurred, 22d December, 1888. What was the assessed value of all the taxable property in this township at this date? Assessed value,—not its estimated or actual value,—but what was the valuation fixed upon it by competent authority for the purposes of taxation? From the agreed statements of facts it appears that for the fiscal year ending October 31, 1888, the assessed value of taxable property other than railroad property within Cane Creek township was $215,634. That during the next succeeding fiscal year it was $213,366. We will take the first, $215,634. There are two railroads in that township, the Chester & Cheraw and the Charleston, Cincinnati & Chicago Railroad. The part of the first-named railroad within this township is, and always has been, assessed at $16,500. Total, $232,134. The property of the last-named railroad was not assessed for taxation until 19th February, 1889, after the passage of the act of 1888. It cannot be included in the basis upon which the percentage is estimated in order to ascertain if this subscription is within the constitutional limit. Taking, therefore, $232,134 as this basis, 8 per cent. is $18,570.72 less than the $19,000. The act having created a debt exceeding in amount the limit fixed by the constitution, the whole debt is invalid. The court cannot scale it down so as to bring it within the lawful limit. *Hedges* v. *Dixon Co.*, 37 Fed. Rep. 304. The bill must be dismissed, and it is so ordered.

BOND, J., concurs.